FILED

**NOT FOR PUBLICATION**

NOV 16 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-17471 |
| Plaintiff - Appellee, | D.C. Nos.  3:08-cv-00203-LRH-VPC |
| v. | 3:05-cr-00241-LRH-VPC |
| JAMES BRETT ZIMMERMAN, | |
| Defendant - Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 9, 2012[**]
San Francisco, California

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

James Brett Zimmerman appeals the district court's denial of his petition for

habeas corpus.  We review the district court's denial of a 28 U.S.C. § 2255 motion

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo, *United States v. Gamba*, 541 F.3d 895, 898 (9th Cir. 2008), and now affirm.

Zimmerman, who was previously convicted of felony robbery and burglary, pleaded guilty to one count of bank robbery and was sentenced to a prison term. During the plea negotiations, the government promised not to pursue a federal three strikes charge in exchange for Zimmerman's guilty plea. *See* 18 U.S.C. § 3559(c)(1)(A) (defendants convicted of a serious violent felony who have previously been convicted of at least two additional serious violent felonies are subject to life imprisonment). Zimmerman now claims that the government's promise was illusory because he did not use or threaten to use a firearm or dangerous weapon during his robberies, and therefore qualifies for a statutory exception to the three strikes rule. *See id*. § 3559(c)(3)(A).

Zimmerman is mistaken. Because he had more than two prior serious violent felony convictions, the government could have charged him under the three strikes statute. *See id*. § 3559(c)(1)(A). Zimmerman would then have had the burden of proving that he qualified for the exception. The existence of the exception makes no difference to the government's charging decision. *See United States v. Kaluna*, 192 F.3d 1188, 1196 (9th Cir. 1999). The government's promise not to pursue a three-strikes charge against Zimmerman was not illusory.

Zimmerman claims ineffective assistance of counsel based on his attorney's failure to investigate his criminal history. Primarily because the outcome of a three strikes proceeding was not foreseeable at the time of the plea negotiation, Zimmerman fails to show prejudice resulting from the allegedly deficient performance of his attorney. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Because Zimmerman does not show prejudice, he is not entitled to relief.

The district court is AFFIRMED.